## Statement of the Case.

Bill filed by Theodore H. Decker against William F. Cochran and others to enforce a mechanics' lien for unpaid balance of contract price for a heating plant installed in the house of defendants by complainant. From a decree in favor of complainant for $242.50, defendant appeals.

JOHN D. HOOD, for appellants.

MARTIN C. DECKER and ELAM L. CLARKE, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 195*—*when modified contract admissible.* Contract modified after signing by the mutual consent of the parties and treated as so modified as a written contract, *held* properly admitted in evidence.

2. MECHANICS' LIENS, § 212*—*when evidence sufficient to sustain finding of compliance with contract.* Finding of master that a heating plant furnished fulfilled the purpose specified in the contract in heating the house, *held* sustained by the evidence.

---

## O. A. Lundquist, Plaintiff in Error, v. A. P. Child, Defendant in Error.

### Gen. No. 5,755. (Not to be reported in full.)

Error to the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

'Action by O. A. Lundquist against A. P. Child to recover the balance due on amount bid by defendant for certain real estate at an auction sale. From a judgment entered against plaintiff, upon trial court sustaining a demurrer to the declaration, plaintiff brings error.

GEORGE W. HUNT and BUTTERS & ARMSTRONG, for plaintiff in error.

BARNES & MAGOON, for defendant in error.

MR. JUSTICE CARNES· delivered the opinion of the court.

## Abstract of the Decision.

1. AUCTIONS, § 8*—*when declaration in action for amount bid is demurrable.* In an action for purchase money of lands sold at auction, a declaration containing no averment of auctioneer's written authority to make the sale and declaring on a contract not complete in that no time for payment is fixed, *held* subject to demurrer.

2. AUCTIONS, § 8*—*sufficiency of declaration.* Declaration in an action for amount bid for land at an auction sale setting out a written memorandum of the sale which is insufficiently definite to locate the property by parol evidence, and varies from the contract sued on, is bad.

3. AUCTIONS, § 8*—*when attached copy of advertisement of sale, no part of declaration.* In an action for amount bid at an auction sale, a copy of the advertisement of the sale attached to the declaration as a "copy of account" is no part of the declaration so as to show the terms of sale.

4. FRAUDS, STATUTE OF, § 123*—*when defense may be raised by general demurrer.* Advantage may be taken of the statute of frauds by general demurrer where it appears from the face of the declaration that the agreement sued on is within the statute and fails to comply with the requirements thereof.

5. FRAUDS, STATUTE OF, § 56*—*when authority of auctioneer to sell land must be in writing.* Since Act of 1869 (see J. & A. ¶ 5868), authority of an auctioneer to sell land must be in writing signed by the party to be charged.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.