CORNER, Respondent, v. O'MALLEY et al., Appellants.

(182 N. W. 530)

(File No. 4791.    Opinion filed April 2, 1921.    Rehearing denied May 11, 1921.)

1. **Pleadings—Demurrer to Counterclaim, Carried Back to Complaint, Effect Re Truth of Allegations in Complaint—Rule Stated.**

    Assuming, without deciding, that a demurrer to a counterclaim—like that to an answer—searches the record and thus raises question of sufficiency of complaint, held, that by seeking to sustain his counterclaim on ground that the complaint itself fails to state a cause of action, defendant confesses truth of the allegations of the complaint.

2. **Injunctions—Threats to Forcibly Enter Dwelling and Eject Plaintiff, To Commence Cropping, To Harrass Plaintiff Into Conveying Homestead, As Irreparable Injury—Whether Injunction Or Action At Law The Remedy.**

    A complaint alleging that defendant, without plaintiff's consent, forcibly entered upon plaintiff's homestead and commenced to plant land to crops, threatened to forcibly enter the dwelling and eject plaintiff and family, to continue planting, to vex, harrass and annoy plaintiff until he and wife should execute to defendant a warranty deed to the premises, that he fears execution of the threats unless defendant be enjoined, and that continuation of the trespass will bring plaintiff irreparable injury, states a cause of action for injunction; this against the contention that courts rather than restrain defendant, should com-

pel the plaintiff either to submit to the alleged wrongs, to convey their homestead, or vacate, and surrender possession to defendant.

3. **Pleadings—Possession of Realty, Counterclaim For Injunction Re, Auction Sale to Defendant, Memorandum Entry Of, Auctioneer's Authority, Non-writing Re, As Basis Of Demand—Former Statutes Construed—Parol Authority Sufficient.**

Where, in a suit for an injunction against defendant's threatened entry upon and cropping of realty, defendant counterclaimed for affirmative injunctive relief, alleging that he purchased the land at plaintiff's auction sale thereof, which sale was called by an auctioneer, that defendant's bid was accepted and terms thereof complied with, that the auctioneer through his sale clerk made proper memorandum of the sale stating future date of delivery of land, which was prior to defendant's entry thereon—but failing to allege the auctioneer's authority was in writing; **held,** under Sec. 1347, Rev. Civ. Code 1903, providing that when property is sold by auction and entry made by auctioneer in his sale book at time of sale, specifying name of person for whom sold, thing sold, price, terms of sale and name of buyer, it binds both parties in the same manner as if made by themselves, and Sec. 1238, Subd. 5, providing that an agreement for sale of realty, if made by an agent of party to be charged, is invalid unless authority of agent be in writing and subscribed by party sought to be charged,—that Sec. 1347 was not intended to and does not restrict the provisions of Sec. 1238, but presupposes an authorized auctioneer and is merely declaratory of the law at time the section was adopted; and whether the auctioneer kept within the terms authorized by plaintiff can only be established by proof of what was his authority, which proof under Sec. 1238 must be in writing; and the fact that plaintiff and wife were present at time of sale does not limit provisions of Sec. 1238. **Held,** further, that the one time rule that the authority of the auctioneer to sell land at auction need not be in writing unless required by statute is discountenanced by the later authorities; and under a statute of frauds (as said Sec. 1238) providing that memorandum shall be signed by party to be charged or by some other person by him "lawfully authorized," the authority of the agent may be by parol. Whether the law controlling said sale has been changed by adoption of Rev. Code 1919, not decided.

Appeal from Circuit Court, Tripp County. Hon. William Williamson, Judge.

Action by John F. Corner, against James O'Malley and another, for injunctive relief against defendant's entry upon and

cropping of plaintiff's homestead; defendants counterclaiming for affirmative injunctive relief. From an order sustaining demurrer to the counterclaim, defendant appeals. Affirmed.

*W. B. Backus,* and *W. J. Hooper,* for Appellants.

*Hannett & Hannett,* for Respondent.

(2) To point two of the opinion, Respondent cited: Note f. to Moore v. Halliday, 99, Am. St. 742.

(3) To point three, Appellant cited, re presumption as to agent's authority: Jenkinson, et al, v. City of Vermillion, et al., 3 S. D. 238.

WHITING, J. Defendant's answer included a counterclaim. To this counterclaim the plaintiff interposed a demurrer, and the demurrer was sustained. Defendant has appealed.

Defendant contends that the complaint fails to state a cause of action, and that, under the rule that a demurrer searches the the record, inasmuch as the complaint was subject to a demurrer, the demurrer to the counterclaim should be overruled. Defendant also contends that the counterclaim stated a cause of action, and therefore was good against the demurrer.

[1, 2] We will, for the purposes of this appeal, assume, but not decide, that a demurrer to a counterclaim—like a demurrer to an answer—does search the record and thus raise the question of the sufficiency of the complaint. Does the complaint state a cause of action? By seeking to sustain his counter-claim, upon the ground that the complaint itself fails to state a cause of action, defendant confesses the truth of the allegations of the complaint. The complaint alleges that plaintiff was the owner of a certain tract of land occupied by himself and family as a homestead; that defendant, without the consent of plaintiff, forcibly entered upon such homestead property and commenced to plant the land to crops; that he threatened to forcibly enter the dwelling and eject plaintiff and his family therefrom; that he threatened to go on with the planting of such crop; that he threatened to vex, harass, and annoy plaintiff until such time as plaintiff and his wife should execute to him a warranty deed to such premises; that he fears such threats will be carried out unless the defendant is restrained by the judgment of the court; and that a continuation of the trespassing upon this land will bring plaintiff irreparable injury. Plaintiff seeks injunctional relief. De-

fendant urges that, under the facts thus stated, plaintiff had an adequate remedy by an action at law. In other words, defendant contends that the courts, rather than restrain defendant, should compel plaintiff either to submit to the alleged wrongs, to convey their homestead property, or to vacate and surrender possession of same to the defendants. A mere statement of the alternatives facing plaintiff is sufficient to show that nothing but injunctional relief is an adequate remedy.

Does the counterclaim plead facts entitling defendant to the affirmative relief prayed—that plaintiff be required to deliver possession of the premises to defendant and that plaintiff be enjoined and restrained from in any manner interfering with or molesting defendant in his possession of said premises? The following facts are admitted by the demurrer to the counterclaim: Plaintiff held an auction sale of the land in question. This sale was held before the Revised Code of 1919 went into effect. The sale was called by an auctioneer. Plaintiff and his wife were present. At such sale defendant was a bidder and his bid was accepted by the auctioneer. Defendant complied with the terms of the sale in the making of the cash payment required. The auctioneer, through the clerk of the sale, made a proper memorandum of the sale. One of the terms of said sale was that possession of said land should be delivered to said purchaser at a date named, which date was prior to the entry of defendant upon the land in question. The answer did not allege that the auctioneer's authority was in writing.

[3] Under the above facts could the auctioneer make a memorandum which would bind plaintiff? Defendant relies upon section 1347, Rev. Code 1903, which provides:

"When property is sold by auction an entry made by the auctioneer in his sale book, at the time of the sale, specifying the name of the person for whom he sells, the thing sold, the price, the terms of sale, and the name of the buyer, binds both parties in the same manner as if made by themselves."

Defendant contends that under said law it is unnecessary for an auctioneer's authority to be in writing, even where he is to sell real property. Plaintiff contends that the above section must be read in connection with subdivision 5, § 1238, Rev. Code 1903, which provides:

"An agreement for * * * the sale of real property, * * * if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged. * * * "

Plaintiff contends that, while an auctioneer's memorandum upon a sale of land, when made by a duly authorized auctioneer, is of the same effect as if made by the seller himself, yet that an auctioneer has no authority to make such memorandum unless his authority is in writing.

Section 1347, supra, was not intended to and does not restrict the provisions of the statute of frauds. Such section presupposes a duly authorized auctioneer and merely declares what was the law at the time that section was adopted. Certainly no one would claim that, if this sale had been held in the absence of plaintiff and his wife, it would be binding upon them regardless of whether the auctioneer kept within the terms authorized by plaintiff. Whether he kept within such terms can only be established by proof of what his authority was, which proof, under section 1238 must be in writing. The fact that plaintiff and his wife were present can in no manner limit the provisions of section 1238.

In 6 C. J. 825, it is said:

"The authority of an auctioneer to sell land at auction need not be in writing, unless such authority is required by statute."

In the early case of Doty v. Wilder, 15 Ill. 407, 60 Am. Dec. 756, decided in 1854, it was held that the authority of the auctioneer need not be in writing—the court giving as its reason for such holding that—

"A party may by parol authorize another to make a contract concerning real estate; and if the agent makes a written contract in pursuance of such authority, the principal cannot insist upon the statute of frauds, but he may be charged by virtue of the contract."

In the later case of Lundquist v. Child, 182 Ill. App. 585, it was held that, since the act of 1869 (page 363) the authority of an auctioneer to sell land must be in writing signed by the party to be charged. In many states the statute of frauds provides that the memorandum shall be signed by the party to be charged or by some other person by him "lawfully authorized."

The courts uniformly hold that, under such a section, the authority of the agent can be in 'parol.    Section 1329, Page on the Law of Contracts.    The Illinois "act of 1869" above referred to is section 2, chapter 59, Rev. Statutes 1874, and, like our section 1238, requires the agent to be "authorized in writing."  When so authorized, and only when so authorized, can he sign a memorandum of sale of real property binding upon the seller, which memorandum must conform to the terms of his written authorization.

We express no opinion as to whether the law controlling this sale has in any manner been changed by the adoption of the Rev. Code 1919.

The order of the trial court is affirmed.